UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BRYAN, a seaman,<br><br>             Plaintiff,<br><br>    v.<br><br>ICICLE SEAFOODS, INC., an Alaska corporation, et al.,<br><br>             Defendants. | CASE NO. C06-0231RSM<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is now before the Court for consideration of plaintiff's motion for partial summary judgment. Dkt. # 17. Plaintiff asks that the Court find, as a matter of law, that he is entitled to benefits under Alaska's Workers' Compensation law without offset against any damages he may receive in this case brought under the Jones Act, 46 U.S.C.App. § 688. Defendants have opposed the motion. The Court has fully considered the motion, response, and reply. For the reasons set forth below, the motion shall be denied.

BACKGROUND AND DISCUSSION

Plaintiff was employed as a fish processor on three different fish processing vessels owned by defendants, the vessels *Discovery Star, Arctic Star,* and *Bering Star*. All three vessels are floating fish processing vessels which remain tied to the dock, and plaintiff did not engage in any navigation-related

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

activities, only fish processing. Such workers on near-shore fish processor vessels are covered under the Alaska Workers' Compensation Act, AS 23.30 *et seq*. Plaintiff applied for, and received, workers' compensation benefits for injuries to his wrist, which began in 2003 and continued into 2005. In 2006, he filed this complaint under federal maritime law for damages due to negligence and unseaworthiness of the vessel, together with a demand for maintenance and cure.

In answering the verified complaint, defendants asserted two affirmative defenses which have been put at issue in this motion. Affirmative Defense No. 7 states that "[t]he plaintiff's claims are barred in whole or in part by the exclusive liability provision of the Alaska Workers' Compensation Act." Answer, Dkt. # 5, p. 6. Affirmative Defense No. 8 states that "[b]enefits have been paid to and on behalf of the plaintiff and any award hereunder must be reduced by the amounts paid." *Id*. In response to the motion for partial summary judgment, defendants have withdrawn Affirmative Defense No. 7, so it need not be addressed.

Plaintiff's motion asks for a determination that he is entitled to collect both workmen's compensation under Alaska law and maintenance and cure, as well as damages, under the Jones Act, without offset of one against the other. His argument for such a determination arises from a 1988 amendment to the Alaska Worker's Compensation Act, which modified the definition of commercial fishermen to exclude fish "processing workers on floating fish processing vessels who do not operate fishing gear or engage in activities related to navigation or operation of the vessel." AS 16.05.940(4). This modification allowed these fish processing workers to be covered under the state workmen's compensation law, which excluded commercial fishermen from coverage. According to plaintiff, the Alaska legislature's failure to include a provision to offset workmen's compensation benefits received against Jones Act benefits, means that no setoff is required or allowed.[1] In other words, according to

---

[1] Washington State has a repayment provision. RCW 51.12.100 states:

In the event payments are made under this title prior to the final determination under the maritime laws or federal employees' compensation act, such benefits shall be repaid by the worker or beneficiary if recovery is subsequently made under the maritime laws or federal employees' compensation act.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

plaintiff, he is entitled to double recovery. The Court finds no merit to this assertion.

While the courts have held that an award of workman's compensation benefits does not bar a later suit under the Jones Act, the rule against double recovery is a well established one. *See*, *e.g., Figueroa v. Campbell Industries*, 45 F. 3d 311, 315 (9th Cir. 1995); *Miron v. All Alaska Seafoods, Inc.*, 705 F. Supp. 518, 519 (W.D. Wash. 1988). The rule is observed by the Alaska courts as well. After finding that the "exclusive remedy" provision of the Alaska Workers' Compensation Act cannot deprive a plaintiff of his federal maritime remedy, the Alaska Supreme Court noted that double recovery would not be allowed:

> We noted in *Barber* that double recovery would not be permitted as the amounts paid under the compensation award would be subject to offset should the employee win his federal maritime case. This observation also governs the present case.

*State of Alaska, Department of Public Safety v. Brown*, 794 P.2d 108, 110 n.1 (Alaska 1990) (*citing Barber v. New England Fish Co.,* 510 P.2d 806, 813 n. 39 (Alaska 1973).

Plaintiff contends that the first two cases mentioned above were decided before the amendment to the Worker's Compensation Act which provided for coverage of fish processor workers, and thus do not address the specific issues here. However, the legislature's silence cannot overcome the general rule, observed in Alaska as elsewhere, barring double recovery. Plaintiff further asserts that although the Alaska Supreme Court decided the *Brown* case quoted above after the 1988 amendments, the employee there was a state ferry worker, and "the seaman ferry workers were not expressly covered under the Alaska Workers' Compensation Act." Plaintiff's Reply, p. 8 (emphasis as in original). That statement is incorrect. The plaintiff in *Brown* worked for the state public safety department, and was injured when he boarded a fishing vessel to inspect it for suspected fisheries violations. *Brown*, 510 P.2d at 109. The Alaska Supreme Court's pronouncement in *Brown* that double recovery would not be allowed was a general statement and was not tied to any specific provision of the state's Workers' Compensation Act, nor any particular type of worker. By that very generality, it directs the outcome of this motion.

The Court declines to find that the fish processor workers such as plaintiff were granted a special exception to the general rule of offset by the Alaska legislature's silence. It is not necessary to certify the question to the Alaska Supreme Court as plaintiff asks, because the question has already been answered

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

1 by that very court in *Brown*. .

2     Accordingly, plaintiff's motion for partial summary judgment on the question of offset is
3 DENIED.  However, the offset which will be allowed will include only the overlapping areas of plaintiff's
4 damages, so that plaintiff does not reap a double recovery for such items as maintenance and cure, lost
5 wages, and medical payments.  *Miron*, 705 F. Supp. at 519.  This amount remains to be determined.  No
6 offset will be allowed against other Jones Act damages such as pain and suffering, or loss of future
7 earning capacity.  *Id*.

8     DATED this 23  Day of October 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4